LETTS, Judge.
At issue in this forfeiture proceeding is the legality of a stop for speeding effected by a Florida Highway Patrolman. The trial judge found the stop unlawful because of insufficient proof of founded suspicion and granted the defendant’s motion to dismiss. We reverse.
The defendant claims the trial judge was correct because the trooper who testified at the hearing was not the one who actually made the stop. We disagree. The trooper who testified at the hearing was, in fact, chasing the defendant, but due to malfunction of his vehicle, was unable to catch up. As a consequence, a fellow trooper, in radio communication, overtook him and, within the testifying trooper’s eyesight, actually carried out the pull over. The patrolman who testified arrived at the scene “just moments afterwards.”
We hold that this officer’s testimony was sufficient to prove that the stop was based on a founded suspicion. Initially, the testifying officer, who was stationary at the roadside ready to act as a chase car, was advised by radio dispatch from a fellow officer who was working the radar gun that the defendant had been clocked at eighty-one miles per hour in a fifty-five mile per hour zone, and was coming towards him. Shortly thereafter, the defendant passed the testifying officer, an eight-year-veteran, at what he described as “an extremely high rate of speed.” Clearly, under section 316.1905, Florida Statutes (1989), the testifying officer could stop the offending driver and later give evidence. Further, the officer who actually pulled the defendant over was acting in concert with the testifying officer and within the latter’s field of vision. Thereafter, it was the testifying officer who questioned the driver and issued the citation. In our view, the testifying officer was an integral part of the stop and competent to testify about it. The stop was not unlawful and we reverse and remand for further proceedings.
We next consider a companion appeal filed by the Department of Revenue, case number 90-1399, which we sua sponte consolidate. It arises from the same final *425 judgment, reversed above, which also dismissed the DOR’s emergency motion pursuant to tax warrants issued under section 212.0505, Florida Statutes (1989). It is clear that the DOR’s claim under the statute should not have been determined on the merits at this hearing and that the trial judge’s ruling was predicated on the supposedly unlawful stop which we have reversed. Accordingly, we, likewise, reverse this latter portion of the final judgment.
REVERSED AND REMANDED.
HERSEY, C.J., and GLICKSTEIN, J., concur.